[Cite as *Mtge. Assets Mgt., L.L.C. v. Doe*, 2026-Ohio-2498.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mortgage Assets Management, L.L.C., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 25AP-296 |
| John Doe(s), Name Unknown, the | : | (C.P.C. No. 23CV-7409) |
| Unknown heirs, devisees, legatees, | | |
| beneficiaries of Carolyn Ryan AKA | : | (REGULAR CALENDAR) |
| Carolyn P. Ryan and their unknown | | |
| spouses and creditors; and the unknown | : | |
| spouse of Carolyn Ryan AKA | | |
| Carolyn P. Ryan et al., | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on June 30, 2026

**On brief:** *McGlinchey Stafford*, *Stefanie L. Deka*, and *John P. Murray*, for appellee. **Argued:** *John P. Murray.*

**On brief:** *DannLaw*, *Andrew M. Engel*, *Marc E. Dann*, and *Brian D. Flick*, for appellants Douglas Ryan, Caitlin Ryan, Carolyn Moser, William Moser, Thomas Ryan, Katherine Ryan, and James Ryan, Jr. **Argued:** *Andrew M. Engel.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendants-appellants, Douglas Ryan, Caitlin Ryan, Carolyn Moser, William Moser, Thomas Ryan, Katherine Ryan, and James Ryan, Jr. (the "Ryan defendants"), appeal from a decision of the Franklin County Court of Common Pleas granting Mortgage Assets Management, L.L.C.'s ("MAM") combined motion for summary judgment and

default judgment in a foreclosure action. For the reasons that follow, we reverse the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On December 16, 2008, Carolyn P. Ryan ("Carolyn Ryan") entered into a Home Equity Conversion Loan Agreement (the "loan agreement") with MAM and executed a home equity conversion note (the "note") in the principal amount of $547,500 payable to MAM. To secure payment on the note, Carolyn Ryan executed a mortgage (the "mortgage") on her residence located at 3165 Dale Avenue, Columbus, Ohio ("the property"). The mortgage was recorded with the Franklin County Recorder on December 22, 2008.

{¶ 3} The note, loan agreement, and mortgage (together, the "loan documents") constituted a reverse mortgage whereby the loan and mortgage granted and secured a stated maximum principal amount available to Carolyn Ryan for advance or draw—here, $547,500—where the principal amount due at any given time on the note reflected the actual advances and/or draws made to date. Under the terms of the loan documents, MAM was entitled to require "immediate payment in full of all outstanding principal and accrued interest" upon Carolyn Ryan's death.[1] (Ex. A at ¶ 7, attached to Compl.)

{¶ 4} On October 17, 2023, MAM filed a complaint seeking foreclosure on the property. In its complaint, MAM asserted that it was entitled to enforce the note and that the note had "matured or [was] in default" due to the death of Carolyn Ryan. MAM asserted that the principal amount due and owing on the note as of October 13, 2023, was $386,060.10, plus interest at an adjustable rate in accordance with the loan documents, plus additional advances and draws for costs such as payment of insurance premiums and taxes, which were also permitted under the loan documents. MAM asserted that pursuant to the mortgage it held on the property, it was entitled to recover the monies due to it under the loan agreement from the sale of the property. In its complaint, MAM named the following defendants: "John Doe(s), Name Unknown, the Unknown heirs, devisees, legatees, beneficiaries of Carolyn Ryan AKA Carolyn P. Ryan and their unknown spouses

---

[1] A reverse mortgage has been described as " 'a loan available to a person over the age of 62 who has equity in real property, typically the borrower's home.' " *James B. Nutter & Co. v. Phillips*, 2013-Ohio-184, ¶ 5 (2d Dist.), quoting *Kirshner v. Fannie Mae*, 2012-Ohio-286, ¶ 20 (6th Dist.) " 'The loan provides a lump sum or multiple payments and is secured by the equity in the real property. The loan must be repaid when the borrower sells the home or no longer lives in the home as a principal residence. Default on the note is also triggered by the death of the borrower.' " (Further citation omitted.) *Id.*, quoting *Kirshner* at ¶ 20.

and creditors; and the unknown spouse of Carolyn Ryan AKA Carolyn P. Ryan"; "James Michael Ryan, Sr., AKA James M. Ryan, as possible Heir to the Estate of Carolyn Ryan AKA Carolyn P. Ryan"; "Jane Doe Name Unknown, the Unknown Spouse of James Michael Ryan, Sr. AKA James M. Ryan, (if any)"; the United States Secretary of Housing and Urban Development ("HUD"); the Ohio Department of Taxation; and the Franklin County Treasurer.

{¶ 5} On October 26, 2023, MAM filed an "Affidavit for Service by Publication." In it, MAM's counsel averred that "the identity and addresses of the John Doe(s), Name Unknown, the Unknown heirs, devisees, legatees, beneficiaries of Carolyn Ryan AKA Carolyn P. Ryan and their unknown spouses and creditors; and the unknown spouse of Carolyn Ryan AKA Carolyn P. Ryan are unknown and cannot be ascertained by reasonable diligence." (Aff. for Serv. at ¶ 3.) The affidavit further stated that "[t]he attempt to ascertain the identity and addresses of [these individuals] included an examination of the records of the Franklin County Probate Court." (Aff. for Serv. at ¶ 3.) Counsel averred that he believed it necessary to serve these individuals by publication pursuant to R.C. 2703.141(A) which provides:

> If service by publication is necessary in an action to foreclose a mortgage or to enforce a lien or other encumbrance or charge on real property, the party seeking service by publication shall cause the publication to be made once a week for three consecutive weeks instead of as provided by Civil Rule 4.4.

{¶ 6} Once a week for three weeks spanning November 7 through November 21, 2023, *The Daily Reporter*, a legal newspaper covering Franklin County, published legal notice of the pending lawsuit to "John Doe(s), Name Unknown, the Unknown heirs, devisees, legatees, beneficiaries of Carolyn Ryan aka Carolyn P. Ryan and their unknown spouses and creditors; and the unknown spouse of Carolyn Ryan aka Carolyn P. Ryan, whose last known address is 3165 Dale Avenue, Columbus, OH 43209[.]" (Nov. 21, 2023 Proof of Publication.)

{¶ 7} On December 18, 2023, The Estate of Carolyn P. Ryan moved the trial court for an order granting a 30-day extension of time to file an answer to the complaint. The court granted the motion for an extension.

{¶ 8} On January 17, 2024, Douglas Ryan, as executor of the estate, filed a motion requesting that the court grant him leave to intervene in the action. On the same day, Douglas Ryan, in his capacity as executor, answered the foreclosure complaint, asserting several defenses including the defense that the note had been paid in full. Douglas Ryan submitted documentation noting that his application to serve as executor of the estate had been approved and he was appointed by Franklin County Probate Court on December 13, 2023 to serve as executor for Carolyn Ryan's estate. The court subsequently granted Douglas Ryan's motion to intervene and deemed the answer timely filed.

{¶ 9} After the estate was opened, on January 23, 2024, MAM filed a "Motion to Add Defendant." In the motion MAM noted it had learned of individuals who may have a claim or interest in the property and requested that pursuant to Civ.R. 21 for an order adding the following individuals as defendants to the foreclosure action:

> Thomas J. Ryan, as heir to the Estate of Carolyn Ryan AKA Carolyn P. Ryan and the Unknown Spouse of Thomas J. Ryan (if any); Douglas J. Ryan, as Heir to the Estate of Carolyn Ryan AKA Carolyn P. Ryan, and the Unknown Spouse of Douglas J. Ryan (if any); Carolyn Ryan Moser, as heir to the Estate of Carolyn Ryan AKA Carolyn P. Ryan and the Unknown Spouse of Carolyn Ryan Moser (if any); James M. Ryan, Jr., as heir to the Estate of Carolyn Ryan AKA Carolyn P. Ryan and the Unknown Spouse of James M. Ryan, Jr. (if any).[2]

The motion requesting an order to add the defendants also included the addresses of the defendants and noted that "[u]pon entry of such an order, [MAM] will serve the foregoing persons with a summons and a copy of the Complaint in accordance with Rule 4 of the Ohio Rules of Civil Procedure." (Jan. 23, 2024 Mot. to Add Def. at 2.)

{¶ 10} The trial court granted MAM's motion to add the defendants, and the court entered an entry giving defendants an extension of time by which to answer or otherwise respond to the complaint. Douglas Ryan and his wife were served by process server at their residence. Carolyn Ryan Moser, her husband, and James Ryan, Jr. (unmarried) were each served by certified mail.

---

[2] Presumably, MAM identified these defendants through documents filed in probate court in connection with the opening of the estate.

{¶ 11} On June 19, 2024, MAM filed a second "Affidavit for Service by Publication." In it MAM's attorney averred that "the identity and addresses of Jane Doe, Name Unknown, the Unknown Spouse of Thomas J. Ryan (if any) are unknown and cannot be ascertained by reasonable diligence" and that it was believed to be necessary to serve the unknown spouse by publication. (Aff. for Service at ¶ 3.) MAM's counsel averred the same for Jane Doe, the unknown spouse of James Ryan Jr. (if any). Lastly, MAM's counsel additionally averred that she believed it necessary to serve Thomas Ryan by publication as well because previous attempts to serve him by private process server had failed as did attempts to find an address on him through widely used commercial databases and voter registration records in addition to other available internet websites.

{¶ 12} Once a week for three weeks spanning July 1 through July 15, 2024, *The Daily Reporter*, published legal notice of the pending lawsuit to Thomas Ryan, his unknown spouse (if any), and the unknown spouse of James Ryan, Jr. (if any). The notice advised the defendants therein named were required to answer the complaint within 28 days after the last publication of the legal notice.

{¶ 13} Thereafter, three of the four heirs of Carolyn Ryan, defendants Douglas Ryan, Carolyn Ryan Moser, and James Ryan, Jr., answered the complaint. Additional defendant William Moser, the spouse of Carolyn Ryan Moser, also answered the complaint.

{¶ 14} Thomas Ryan and his wife, who would be identified through later filings as Caitlin Ryan, who had been served by publication, did not file an answer to the complaint. Nor did Douglas Ryan's spouse, who would be identified through later filings as Katherine Ryan.

{¶ 15} On November 19, 2024, MAM filed a combined motion for summary judgment and default judgment. In it, MAM moved for summary judgment in its favor on all of its claims against all defendants who answered the complaint. MAM also moved for default judgment against defendants: "John Doe(s), Name Unknown, the Unknown heirs, devisees, legatees, beneficiaries of Carolyn Ryan AKA Carolyn P. Ryan and their unknown spouses and creditors; and the unknown spouse of Carolyn Ryan AKA Carolyn P. Ryan, served by Publication on November 21, 2023;" "James Michael Ryan, Sr, AKA James M. Ryan, as possible Heir to the Estate of Carolyn Ryan AKA Carolyn P. Ryan, served by Private Process Service on October 22, 2023;" "Jane Doe Name Unknown, the Unknown  Spouse

of James Michael Ryan, Sr. AKA James M. Ryan, (if any), served by Private Process Service on October 22, 2023;" "Thomas J. Ryan, as heir to the Estate of Carolyn Ryan AKA Carolyn P. Ryan, served by Publication on July 15, 2024;" "Jane Doe, Name Unknown, the Unknown Spouse of Thomas J. Ryan (if any), served by Publication on July 15, 2024;" "Jane Doe, Name Unknown, the Unknown Spouse of Douglas J. Ryan (if any), served by Private Process Service on March 22, 2024;" "Jane Doe, Name Unknown, the Unknown Spouse of James M. Ryan Jr. (if any), served by Publication on July 15, 2024." (Pl.'s Mot. for Summ. Jgmt. at 2.)

{¶ 16} In its motion for summary judgment MAM asserted that it had established the prima facie elements of its foreclosure claim through the attached affidavit of its affiant, Talya Lopez (the "Lopez Affidavit"). Specifically, MAM contended that it is the holder of the note and assignee of the mortgage, that the note is in default, and that all conditions precedent for accelerating the note have been met, thus entitling it to foreclose on the property. MAM further asserted that the "affiant [Lopez] has provided the amounts due and owing under the Note" and that "[t]hese figures are further explained in [the] Internal Payoff Statement and Loan Balance History attached to Plaintiff's Affidavit as Exhibits F and G, respectively." MAM also maintained "[t]here is no genuine issue as to the amount of principal and interest due, and calculations show that this is the correct amount of principle [sic] and interest due." (Pl.'s Mot. for Summ. Jgmt. at 7-8.)

{¶ 17} The Ryan defendants opposed MAM's motion for summary judgment and default judgment, advancing three arguments: (1) MAM failed to properly serve all defendants; (2) genuine issues of material fact remained regarding whether the subject mortgage had been satisfied in light of MAM's representation in a prior, separate action that the mortgage had been paid in full; and (3) MAM failed to establish the balance due under the note because it submitted illegible transaction-history documents to the court.

{¶ 18} The trial court granted MAM's combined motion for summary judgment and default judgment, concluding that the requirements for default judgment had been satisfied as to the non-answering defendants. The court further found that MAM had submitted competent evidence establishing its entitlement to foreclose on the property, while the defendants failed to produce evidence sufficient to create a genuine issue of material fact on this point.

{¶ 19} The trial court issued an in rem judgment entry and decree in foreclosure, ordering the sale of the property and establishing the priority of distribution for the sale proceeds. Under the distribution schedule, MAM was entitled to receive the outstanding balance due on the note after payment of the costs of the action, expenses associated with the sheriff's sale, and any delinquent property taxes.

## II. Assignments of Error

{¶ 20} The Ryan defendants appeal and assign the following two assignments of error for our review:

> [I.] The trial court erred in concluding that all defendants had been properly served.

> [II.] The tri[al] court erred in granting Appellee's motion for summary judgment.

## III. Discussion

{¶ 21} We review a trial court's grant of summary judgment de novo, applying the same Civ.R. 56 summary judgment standard as the trial court. *See Hubbell v. Xenia*, 2007-Ohio-4839, ¶ 21; *see also U.S. Bank Natl. Assn. v. Lewis*, 2019-Ohio-3014, ¶ 21 (10th Dist.). "De novo review means the reviewing court independently analyzes the record while giving no deference to the trial court's decision." *Allen v. Marre*, 2026-Ohio-1186, ¶ 7 (10th Dist.), citing *Johnson v. Am. Italian Golf Assn. of Columbus*, 2018-Ohio-2100, ¶ 13 (10th Dist.).

{¶ 22} Summary judgment is appropriate under Civ.R. 56 only when no genuine issue of material fact exists and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, that conclusion being adverse to the party opposing the motion. *See Lewis* at ¶ 21, citing Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 1997-Ohio-221, ¶ 8.

{¶ 23} On summary judgment, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *See Dresher v. Burt*, 1996-Ohio-107, ¶ 17. This burden cannot be satisfied through conclusory assertions; rather, the movant must identify specific evidence of the type permitted under Civ.R. 56(C) affirmatively demonstrating that the nonmoving party lacks evidence to support its claims. *Id.*; *Vahila v. Hall*, 1997-Ohio-259, ¶ 19. If the moving party satisfies this burden, summary judgment

is appropriate unless the nonmoving party responds by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Id.*; *Vahila* at ¶ 19; Civ.R. 56(E).

{¶ 24} A fact is material if it " ' "might affect the outcome of the suit under the governing law" ' of the case." *Oko v. Cleveland Div. of Police*, 2021-Ohio-2931, ¶ 23 (8th Dist.), quoting *Turner v. Turner*, 1993-Ohio-176, ¶ 8, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A factual dispute is 'genuine' only if 'it allows reasonable minds to return a verdict for the nonmoving party.' " *Huntington Natl. Bank v. Blount*, 2013-Ohio-3128, ¶ 32 (8th Dist.), quoting *Sysco Food Servs. v. Titan Devs., Inc.*, 1995 Ohio App. LEXIS 4762, *7 (9th Dist. Oct. 25, 1995).

### A. Service

{¶ 25} In their first assignment of error, the Ryan defendants argue that the trial court erred in granting summary judgment and default judgment because Caitlin Ryan, William Moser, and Katherine Ryan—the spouses of Carolyn Ryan's children and, therefore, the spouses of her heirs—were not properly served with the foreclosure complaint. Specifically, they contend that because the spouses were initially identified as unknown and unnamed defendants, MAM was required to comply with Civ.R. 15(D) to effect proper service. According to the Ryan defendants, when a complaint names unknown persons by fictitious designation, Civ.R. 15(D) requires personal service upon the unidentified party, and the summons must include the words "name unknown." They further assert that once the party's identity becomes known, the plaintiff must file an amended complaint substituting the individual's true name for the fictitious designation. The Ryan defendants maintain that none of these requirements were satisfied. They note that none of the spouses had been personally served: Caitlin Ryan (Thomas Ryan's wife) was served by publication; William Moser (Carolyn Moser's husband) was served by certified mail; and Katherine Ryan (Douglas Ryan's wife) was served through residential service, with delivery accepted by another individual at the residence. In addition, the summonses did not contain the words "name unknown," and MAM never filed an amended complaint substituting the spouses' real names for their fictitious designations.

{¶ 26} The Ryan defendants further contend that service upon Caitlin Ryan was defective for another reason. They argue that service by publication on an unknown party

must comply with R.C. 2703.24, which requires publication once per week for six consecutive weeks. Because MAM published notice only once per week for three weeks pursuant to R.C. 2703.141, rather than for six weeks as required by R.C. 2703.24, they maintain that service was insufficient.

{¶ 27} We are not persuaded by the Ryan defendants' argument that service upon the three spouses was improper. However, even assuming, arguendo, that service on the spouses was defective in some respect, any such deficiency would not have prevented the trial court from granting summary judgment to MAM on its foreclosure claim.

{¶ 28} The Supreme Court of Ohio has long recognized that an action to foreclose a tax lien on real property is an in rem proceeding—that is one directed against the property itself rather than against the individuals who hold title to the property. *See Hunter v. Grier*, 173 Ohio St. 158 (1962), syllabus. This court has likewise held that foreclosure actions involving private mortgage liens are in rem proceedings. *BAC Home Loans Servicing, LP v. Heirs*, 2011-Ohio-1596, ¶ 15 (10th Dist.) ("A suit to foreclose on property securing a debt is not a suit directly against the debtor but, rather, is an action 'in rem.' "). *See also Deutsche Bank Natl. Trust Co. v. Vigue*, 2017-Ohio-7037, ¶ 10 (10th Dist.). As we explained in *BAC Home Loans*, a mortgagee possesses concurrent remedies upon default in that it may pursue foreclosure in equity—an in rem action—or sue directly on the promissory note—an in personam action against the debtor. *Id.*, citing *Fifth Third Bank v. Hopkins*, 2008-Ohio-2959, ¶ 16 (9th Dist.).

{¶ 29} The Supreme Court has described in rem proceedings as follows:

> Proceedings of this nature are not usually proceedings against parties . . . . They are proceedings which have regard to the land itself rather than to the owners of the land, and if the owners are named in the proceedings and personal notice is provided for, it is rather from tenderness to their interests, and in order to make sure that the opportunity for a hearing is not lost to them, than from any necessity that the case shall assume that form.

(Internal quotations and citation omitted.) *Hunter* at 161-62.

{¶ 30} Nevertheless, Ohio courts have recognized that when a foreclosure action is brought after the death of a mortgagor, the mortgagor's heirs and devisees are necessary parties because they acquire title to the property immediately upon the decedent's death. *See Rinehart v. Wilkes*, 1985 Ohio App. LEXIS 7757 (10th Dist. May 23, 1985); *BAC Home*

*Loans Servicing, L.P. v. Komorowski*, 2012-Ohio-1341, ¶ 16 (8th Dist.). As a result, the heirs, as opposed to the estate, hold the legal title interest in the property and must be joined in the action. *See Komorowski* at ¶ 16.

{¶ 31} Here, the Ryan defendants explicitly concede that each of Carolyn Ryan's four children, i.e., her heirs, had been properly served with the complaint. Thus, service upon the necessary parties was accomplished. Indeed, it remains unclear whether the spouses of the heirs possess any independent legal interest in the property that would require them to be named and served as parties to the foreclosure action.[3] If such an interest exists, the Ryan defendants have not identified or explained it.

{¶ 32} Under these circumstances, we find no basis for concluding that any alleged defect in service upon the spouses would invalidate the foreclosure judgment. Foreclosure is an in rem proceeding, not an in personam action. The decedent mortgagor's heirs, which are the parties holding the relevant title interest in the property, were properly served, and the spouses are represented by counsel and plainly aware of the litigation. Given these facts, any asserted deficiency in service upon the spouses does not undermine the trial court's authority to enter final judgment in the foreclosure action.

{¶ 33} We do not agree with the Ryan defendants' contention that service on the three spouses was improper. However, even assuming arguendo that service was defective in some way, such a deficiency would not have precluded the trial court from granting summary judgment to MAM on its foreclosure claim. We therefore overrule the Ryan defendants' first assignment of error.

## B. Evidentiary Materials Submitted by MAM in Support of Summary Judgment

{¶ 34} In their second assignment of error, the Ryan defendants argue that MAM failed to present sufficient evidence establishing the amount due and owing under the note, thereby precluding summary judgment. We agree and sustain this assignment of error.

{¶ 35} To prevail on a motion for summary judgment in a foreclosure action, a plaintiff must establish five elements: (1) that it is the holder of the note and mortgage or is otherwise entitled to enforce the instrument; (2) if not the original mortgagee, the chain of

---

[3] We recognize that it is possible that the spouses have potential dower interests in the property. However, a spouse's dower interest does not vest until the death of their spouse. *See Ogan v. Ogan*, 122 Ohio App.3d 580, 585 (12th Dist. 1997). It is not alleged that any of Carolyn Ryan's heirs have died.

assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been satisfied; and (5) the amount of principal and interest due. *U.S. Bank, N.A. v. Coffey*, 2012-Ohio-721, ¶ 26 (6th Dist.).

{¶ 36} In this case, MAM attempted to establish the fifth element—the amount due and payable under the note—through the Lopez affidavit, attached to its motion for summary judgment. In it, Talya Lopez, the affiant, averred she is an employee of PHH Mortgage Corporation, the loan servicer for MAM, and that she has personal knowledge of, and familiarity with, the business records relating to the mortgage loan at issue in this case. Lopez avers that the balance due and owing on the note and mortgage is $411,051.25, "as shown by PHH's business records, a true and correct copy of which are attached hereto as Exhibit F." (Lopez Aff. at ¶ 10.) She further states that exhibit G is "a true and accurate copy of the transaction history for the subject loan." (Lopez Aff. at ¶ 11.)

{¶ 37} A review of Exhibits F and G attached to the Lopez affidavit reveals that exhibit F, while at least mostly legible, is a summary of the loan account reflecting only the aggregate principal, interest, and fees that have accrued. Exhibit G, purportedly the transaction history for the loan, is entirely illegible, however. It is unclear how Lopez could reliably calculate and attest to the amount due and owing on the note based on these documents given their conclusory and/or unreadable nature.

{¶ 38} Our concerns that Lopez could not accurately calculate the loan balance based on Exhibits F and G, as she says she did, are further amplified by the procedural history of this case. This foreclosure action is a refiling of a prior action brought by MAM in 2022 that was voluntarily dismissed. In that earlier case, MAM stated in its notice of voluntary dismissal that "the subject loan in the above referenced foreclosure action has been paid in full." [4] (Ex. 1, attached to Jan. 14, 2025 Ryan Defendants' Response to Pl.'s Mot. for Summ. Jgmt.) Although MAM was entitled to voluntarily dismiss the prior action pursuant to Civ.R. 41(A), the stated basis for that dismissal raises questions regarding the status of the loan and whether it has in fact been paid in full and creates a genuine issue of material fact that precludes summary judgment.

---

[4] The Ryan defendants have requested that this court take judicial notice of the prior foreclosure action, and we have elected to do so. *See State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (recognizing that a court may take judicial notice of public records available through online court dockets).

{¶ 39} MAM, as the moving party on summary judgment bears the burden of demonstrating the absence of any genuine issue of material fact and its entitlement to judgment as a matter of law. *See* Civ.R. 56. Where a movant's own evidentiary submissions create a genuine issue of material fact or otherwise undermine its claim, summary judgment is inappropriate. *See, e.g., 1900 Capital Trust II, by US Bank Trust Natl. Assn. v. House-Redd*, 2025-Ohio-3274, ¶ 25-33 (8th Dist.).

{¶ 40} Accordingly, we sustain the Ryan defendants' second assignment of error.

## IV. Conclusion

{¶ 41} For the foregoing reasons, we overrule the Ryan defendants' first assignment of error and sustain their second assignment of error. Having found that the trial court erred in granting summary judgment in favor of MAM in its foreclosure action, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

JAMISON and LELAND, JJ., concur.

———————————————